| | |
|---|---|
| 1 | Garrett K. Sakimae (SBN #288453) |
| 2 | FISH & RICHARDSON P.C. |
|   | 555 West Fifth Street 31st Floor |
| 3 | Los Angeles, CA 90013 |
|   | Tel: (213) 533-4240 |
| 4 | Fax: (858) 678-5099 |
| 5 | sakimae@fr.com |
| 6 | |
|   | R. David Hosp *(Pro Hac Vice* forthcoming*)* |
| 7 | FISH & RICHARDSON P.C. |
|   | One Marina Park Drive |
| 8 | Boston, MA 02210-1878 |
| 9 | Tel:  (617) 542-5070 |
|   | Fax:  (617) 542-8906 |
| 10 | hosp@fr.com |
| 11 | |
| 12 | Elizabeth Brenckman *(Pro Hac Vice* forthcoming*)* |
|   | FISH & RICHARDSON P.C. |
| 13 | 601 Lexington Avenue, 52nd Floor |
| 14 | New York, NY 10022 |
|   | Tel:  (212) 765-5070 |
| 15 | Fax:  (212) 25-2291 |
| 16 | brenckman@fr.com |
|   | *[Additional Counsel listed on last page]* |
| 17 | |
| 18 | Attorneys for Defendants |
|   | *NORDSTROM, INC. and NEW BALANCE ATHLETICS, INC.* |
| 19 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOEL D. JOSEPH, *pro per*, | Case No. |
| Plaintiff, | |
| v. | NOTICE OF REMOVAL UNDER 28 U.S.C. § 144l(b) |
| NORDSTROM, INC. and NEW BALANCE ATHLETICS, INC., | (DIVERSITY JURISDICTION) |
| Defendants. | |

Case No.

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Nordstrom, Inc. and New Balance Athletics, Inc. (together, "Defendants"), by and through their counsel of record, remove this civil action from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. SC125489, to the United States District Court for the Central District of California, Western Division. This case is removable because there is complete diversity between Plaintiff and Defendants, the amount in controversy requirement is satisfied, and this removal is filed within 30 days after service on the Defendants under 28 U.S.C. § 1446(b)(2)(B).

## I.  BACKGROUND

On March 3, 2016, Plaintiff filed a Complaint in the Superior Court of California for the County of Los Angeles, asserting violations of California's Unfair Competition Law and California's Consumer Legal Remedies Act against Defendants. Both Defendants were served on March 4, 2016.

Generally, the Complaint alleges that Plaintiff purchased New Balance athletic shoes from Nordstrom, Inc. in Santa Monica, California. [Ex. A, Compl. at ¶ 5.] According to Plaintiff, the shoe box was marked as "Made in the USA" and the shoes were marked "USA." [*Id*. at ¶ 6.] Plaintiff further alleges that the New Balance shoes contain more than 10% imported components. [*Id*. at ¶ 8.] Further, according to Plaintiff, under California law, only products that are at least "90% or more made, manufactured, or produced in the United States" may use the designations "Made in the USA" and "U.S.A." [*Id*. at ¶ 9.] Thus, Plaintiff claims that, under California law, he is entitled to relief. [*Id*. at ¶¶ 8-10.]

Specifically, Plaintiff asserts claims against Defendants for violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq*.) and California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq*.) [*Id*. at ¶¶ 18-36.] Plaintiff seeks relief including: damages, equitable relief requiring

1

Case No.

1 Defendants to "label accurately the country of origin information on all of [their]
2 shoes," an "asset freeze and . . . a constructive trust over all ill-gotten monies," an
3 injunction requiring defendant Nordstrom, Inc. to "include in all Internet sites that
4 sell apparel the country of origin information required by the Textile Act," pre- and
5 post-judgment interest, attorneys' fees and costs, and punitive damages under
6 California's Consumer Legal Remedies Act. [Ex. A at § IX (Prayer for Relief).]

7      As shown in more detail below, this Court has subject matter jurisdiction
8 pursuant to 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions
9 where the matter in controversy exceeds the sum or value of $75,000, exclusive of
10 interest and costs, and is between . . . citizens of different States."

11 **II.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

12      Plaintiff does not specify a dollar amount for any monetary damages based on
13 the alleged violations in his complaint—Defendant merely seeks "damages." [Ex. A
14 at § IX (Prayer for Relief).] Even in absence of a specified amount, however,
15 Plaintiff has requested equitable relief that would result in significant monetary costs
16 to Defendants that would exceed $75,000.

17      First, Plaintiff seeks an order requiring Defendant New Balance to relabel "all
18 of its shoes." [*Id*.] Within the State of California alone, New Balance has sold
19 millions of dollars' worth of shoes marked "Made in the USA" in California in the
20 four years prior to the filing of this lawsuit. The cost to relabel, or to even begin
21 labeling, "all of its shoes" in California would easily surpass $75,000, even in the
22 absence of any other requested relief.

23      Second, Plaintiff seeks an injunction to prohibit the sale of Defendant New
24 Balance's shoes that are allegedly marked improperly. This injunction would require
25 New Balance to repurchase all of these shoes from retailers (and to ultimately relabel
26 these shoes). Again, the cost to repurchase "all of its shoes" that are currently
27 available for sale in the State of California would easily surpass $75,000.
28

Third, Plaintiff seeks an asset freeze and imposition of a constructive trust over "all ill-gotten monies." [*Id*.] Plaintiff alleges that "all of [Defendant New Balance's] shoes" haven been sold unlawfully. [*Id*.] As a result, Plaintiff alleges that all of the sales made by Defendant New Balance for its shoes must be placed into a constructive trust. Plaintiff's requested asset freeze would place substantially more than $75,000 of Defendant New Balance's sales at issue.

Although Plaintiff has not alleged an amount in controversy, it is indisputable that an award in favor of Plaintiff would result in substantial costs to Defendants. The costs associated with relabeling all of Defendant New Balance's shoes, repurchasing all of Defendant New Balance's shoes currently in California stores, and placing an asset freeze on all of Defendant New Balance's shoe sales exceeds the minimum $75,000 amount in controversy requirement for removal.

### III. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANTS

According to the Complaint, Plaintiff Joel D. Joseph is a citizen and resident of California. [*Id*. at ¶ 11.]

Defendant Nordstrom, Inc. is a corporation organized under the laws of Washington and has its principal place of business in Washington. [*Id*. at ¶ 12.] Nordstrom, Inc. is therefore a citizen of Washington for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). Nordstrom, Inc. is not now, and was not at the time of filing of the Complaint or at any intervening times, a citizen or resident of the State of California.

Defendant New Balance Athletics, Inc. is a corporation organized under the laws of Massachusetts and has its principal place of business in Massachusetts. [*Id*. at ¶ 13.] New Balance Athletics, Inc. is therefore a citizen of Massachusetts for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). New Balance Athletics, Inc. is not now, and was not at the time of filing of the Complaint or at any intervening times, a citizen or resident of the State of California.

3

Case No.

Thus, there is complete diversity of citizenship between Plaintiff and Defendants.

## IV. THE OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED

All properly-served defendants consent to this removal.

This Notice of Removal is timely filed. The statute provides that "[e]ach defendant shall have 30 days after receipt . . . of the initial pleading . . . to file a notice of removal." 28 U.S.C. § 1446(b)(2)(B). Both Nordstrom, Inc. and New Balance Athletics, Inc. were served on March 4, 2016.

This Court is a proper venue for this action pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Central District of California, Western Division, embraces the County of Los Angeles in which the state court action is now pending. *See* 28 U.S.C. § 84(c)(2) (listing the counties within the Western Division of the Central District of California).

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants, including the summons and Complaint, is attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal, attached hereto as Exhibit B, together with the Notice of Removal, will be served upon Plaintiff and will be filed with the clerk of the Superior Court for the County of Los Angeles.

If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

| | |
|---|---|
| Dated: April 1, 2016 | Respectfully submitted, |
| | By: */s/ Garrett K. Sakimae* |
| | Garrett K. Sakimae (SBN #288453) |
| | FISH & RICHARDSON P.C. |
| | 555 West Fifth Street 31st Floor |
| | Los Angeles, CA 90013 |
| | Tel: (213) 533-4240 |
| | Fax: (858) 678-5099 |
| | sakimae@fr.com |
| | |
| | R. David Hosp |
| | *(Pro Hac Vice* forthcoming*)* |
| | Mark S. Puzella |
| | *(Pro Hac Vice* forthcoming*)* |
| | Sheryl K. Garko |
| | *(Pro Hac Vice* forthcoming*)* |
| | FISH & RICHARDSON P.C. |
| | One Marina Park Drive |
| | Boston, MA 02210-1878 |
| | Tel: (617) 542-5070 |
| | Fax: (617) 542-8906 |
| | hosp@fr.com |
| | puzella@fr.com |
| | garko@fr.com |
| | |
| | Elizabeth Brenckman |
| | *(Pro Hac Vice* forthcoming*)* |
| | FISH & RICHARDSON P.C. |
| | 601 Lexington Avenue, 52nd Floor |
| | New York, NY 10022 |
| | Tel: (212) 765-5070 |
| | Fax: (212) 25-2291 |
| | brenckman@fr.com |
| | |
| | Attorneys for Defendants |
| | *NEW BALANCE ATHLETICS, INC. and NORDSTROM, INC.* |

## PROOF OF SERVICE

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130. I am over the age of 18 and not a party to foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On April 1, 2016, I served a copy of the foregoing document(s) on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

**Plaintiff:**

Joel D. Joseph, PRO PER
11950 San Vicente Blvd,
Suite 220
Los Angeles, CA 90049
Tel: 310-820-2211

| | | |
|---|---|---|
| [X] | **MAIL:** | Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business. |
| [ ] | **PERSONAL:** | Such envelope was delivered by hand to the offices of the addressee. |
| [ ] | **FACSIMILE:** | Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above. Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. |
| [ ] | **ELECTRONIC MAIL:** | Such document was transmitted by electronic mail to the addressees' email addresses as stated above. |
| [ ] | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |

6

Case No.

☐ **EXPRESS MAIL:** Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by the United States Postal Service.

☐ **OVERNIGHT DELIVERY:** Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by that courier to receive documents.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on April 1, 2016, San Diego, California.

*/s/ Kristen Coolidge*
Kristen Coolidge