Garrett K. Sakimae
FISH & RICHARDSON P.C.
555 West Fifth Street 31st Floor
Los Angeles, CA 90013
Tel: (213) 533-4240/Fax: (858) 678-5099
sakimae@fr.com

R. David Hosp *(Pro Hac Vice Pending)*
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel:  (617) 542-5070/Fax:  (617) 542-8906
hosp@fr.com

Elizabeth Brenckman *(Pro Hac Vice Pending)*
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Tel:  (212) 765-5070/Fax:  (212) 225-2291
brenckman@fr.com

*[Additional Counsel listed on last page]*

Attorneys for Defendants
*NORDSTROM, INC. and NEW BALANCE ATHLETICS, INC.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JOEL D. JOSEPH,<br><br>                    Plaintiff,<br><br>v.<br><br>NORDSTROM, INC. and NEW BALANCE ATHLETICS, INC.,<br><br>                    Defendants. | Case No. 2:16-cv-02252-PSG-AJW<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>**Hon. Philip S. Gutierrez**<br>**Hearing Date: June 13, 2016**<br>**Time: 1:30 p.m** |

# <u>TABLE OF CONTENTS</u>

**Page**

I.   INTRODUCTION AND SUMMARY OF ALLEGATIONS ...................... 1

II.  ARGUMENT .................................................................................... 5

    A.   Plaintiff Lacks Standing to Bring This Action ................................ 5

        1.   As a *Pro Se* Disbarred Attorney, Plaintiff Lacks
            Standing To Bring a Class Action ........................................... 5

            a.   As a Non-Attorney *Pro Se* Litigant, Plaintiff
               May Not Bring a Class Action ..................................... 5

            b.   As a Disbarred Attorney, Plaintiff May Not
               Bring a Class Action ..................................................... 7

        2.   Plaintiff Lacks Standing in His Individual Capacity ............... 8

            a.   Plaintiff Fails to Allege Injury and Reliance ................. 8

            b.   Plaintiff Fails to Meet the Threshold
               Statutory Requirements to Bring an Action
               Under the CLRA ........................................................... 11

    B.   Plaintiff Fails to Allege His Claims with Sufficient
        Particularity ............................................................................ 13

        1.   Legal Standards ..................................................................... 14

            a.   Pleading Standards Under Rules 8(a) and
               12(b)(6) ....................................................................... 14

            b.   Heightened Pleading Standard Under Rule
               9(b) ............................................................................. 15

        2.   None of Plaintiff's Claims Properly Alleges Fraud ............... 15

        3.   The Complaint Fails to Allege Claims for Unfair
            and Fraudulent Business Acts and Practices Under
            the UCL and a Claim Under the CLRA Because

i

Case No. 2:16-cv-02252-PSG-AJW

Plaintiff Failed to Plead Reliance, Causation, and Injury ................................................................................ 17

    4.    The Complaint Fails to Allege a Claim for Unlawful Business Acts and Practices Under the UCL Because Plaintiff Failed to Meet the Pleading Standards of Any Other Statute Cited ..................................... 19

C.    Plaintiff's Complaint Should Be Dismissed With Prejudice ................................................................................ 20

III.    CONCLUSION ........................................................................ 22

ii

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amalgamated Transit Union, Local 1756 v. Superior Court*,
  209 F.3d 937 (Cal. 2009) ..................................................................... 6

*Att'y Grievance Comm'n of Md. v. Joseph*,
  31 A.3d 137 (Md. 2011) ....................................................................... 7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................ 14

*Caro v. Procter & Gamble Co.*,
  18 Cal. App. 4th 644 (Cal. Ct. App. 1993) ......................................... 6

*Cattie v. Wal-Mart Stores, Inc.*,
  504 F. Supp. 2d 939 (S.D. Cal. 2007) ................................................. 19

*Destfino v. Reiswig*,
  630 F.3d 952 (9th Cir. 2011) ............................................................... 3

*Disciplinary Counsel v. Joseph*,
  977 N.E.2d 657 (Ohio 2012), (petition for reinstatement denied in
  *Disciplinary Counsel v. Joseph*, 38 N.E.3d 892 (Ohio 2015)) ........... 7

*Harris v. Vector Mktg. Corp.*,
  753 F. Supp. 2d 996 (N.D. Cal. 2010) ................................................. 7

*In Re: Joel D. Joseph*,
  No. 15-Civ-1094 (D.C. Cir. Dec. 17, 2015) ........................................ 7

*Joseph v. Bernstein*,
  No. 1:13-Civ-24355 (11th Cir. May 12, 2015) .................................... 3

*Joseph v. Costco*,
  No. 2:14-Civ-6899, 2016 WL 759559 (C.D. Cal. Feb. 24, 2016). ............. 10, 18

*Joseph v. Ralphs Grocery Co.*,
  No. 15-Civ-9399, 2016 WL 1056648 (C.D. Cal. Mar. 4, 2016) ........ 4, 10, 18, 19

*Kane v. Chobani, Inc.*,
    973 F. Supp. 2d 1120 (N.D. Cal. 2014) *vacated sub nom. Kane v. Chobani, LLC*, No. 14-Civ-15670, 2016 WL 1161782 (9th Cir. Mar. 24, 2016) ................................................................................................. 9

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ............................................................. 15

*Kendall v. United States*,
    541 Fed. Appx. 781 (9th Cir. 2013) ...................................................... 6

*Kwikset Corp. v. Super. Ct.*,
    246 P.3d 877 (Cal. 2011) ...................................................................... 9

*Laster v. T-Mobile USA, Inc.*,
    407 F. Supp. 2d 1181 (S.D. Cal. 2005) ............................................... 18

*Lerwill v. Inflight Motion Pictures, Inc.*,
    582 F.2d 507 (9th Cir. 1978) ................................................................ 6

*McShane v. United States*,
    366 F.2d 286 (9th Cir. 1966) ................................................................ 6

*Mindlab Media, LLC v. LWRC Int'l, LLC*,
    No. 11-Civ-3405, 2012 WL 386695 (C.D. Cal. Feb. 6, 2012) ........... 14

*Morgan v. AT&T Wireless Servs., Inc.*,
    177 Cal. App. 4th 1235 (2009) ............................................................ 13

*Nguyen v. Bank of America Home Loans Servicing, LP*,
    No. H038544, 2014 WL 692871 (Cal. Ct. App. Feb. 24, 2014) ......... 18

*Oxina v. Lands' End, Inc.*,
    No. 14-Civ-2577, 2015 WL 4272058 (S.D. Cal. June 19, 2015) .......... 13, 19, 20

*Pirozzi v. Apple, Inc.*,
    966 F. Supp. 2d 909 (N.D. Cal. 2013) ................................................ 17

*Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*,
    642 F. Supp. 2d 1112 (C.D. Cal. 2009) .............................................. 16

*Rambarran v. Dynamic Airways, LLC*,
    No. 14-Civ-10138, 2015 WL 4523222 (S.D.N.Y. July 27, 2015) ......... 8

*Rudgayzer v. Yahoo! Inc.*,
    No. 5:12-Civ-1399, 2012 WL 5471149 (N.D. Cal. Nov. 9, 2012) ..................... 6

*Sateriale v. R.J. Reynolds Tobacco Co.*,
    697 F.3d 777 (9th Cir. 2012) ................................................................. 9, 10, 11

*In re Surebeam Corp. Secs. Litig.*,
    No. 03-Civ-1721JM, 2004 WL 5159061 (S.D. Cal. Jan. 5, 2004)...................... 7

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .............................................................. 15

*Toyo Tire & Rubber Co. v. CIA Wheel Grp.*,
    No. 15-Civ-246, 2015 WL 4545187 (C.D. Cal. July 8, 2015) .......................... 14

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................ 16

*Walker v. Geico Gen. Ins. Co.*,
    558 F.3d 1025 (9th Cir. 2009) .............................................................. 9

*In re WellPoint, Inc. Out-of-Network UCR Rates Litigation*,
    903 F. Supp. 2d 880 (C.D. Cal. 2012) ..................................................... 6

*Yumul v. Smart Balance, Inc.*,
    733 F. Supp. 2d 1117 (C.D. Cal. 2010) ................................................ 15, 16, 17

**Statutes**

15 U.S.C. § 70 ...........................................................................2, 14, 19, 20

Cal. Bus. & Prof. Code § 17200 ....................................................... 2, 9, 13

Cal. Bus. & Prof. Code § 17203 ............................................................. 6

Cal. Bus. & Prof. Code § 17204 ............................................................. 9

Cal. Civ. Code § 1750 ........................................................................ 2

Cal. Civ. Code § 1780 ..................................................................... 9, 11

Cal. Civ. Code § 1782 ................................................................... 12, 13

Cal. Civ. Code § 6126 ........................................................................ 8

**Other Authorities**

Fed. R. Civ. P. 8 .................................................................................. 14

Fed. R. Civ. P. 9 ....................................................................... 15, 16, 17

Fed. R. Civ. P. 10 .................................................................................. 3

Fed. R. Civ. P. 12 ................................................................................ 14

Fed. R. Civ. P. 23 .................................................................................. 6

Case No. 2:16-cv-02252-PSG-AJW

Defendants Nordstrom, Inc. ("Nordstrom") and New Balance Athletics, Inc. ("New Balance") (collectively, "Defendants") submit this memorandum of law in support of their motion to dismiss all counts in the Complaint filed by plaintiff Joel D. Joseph ("Plaintiff" or "Plaintiff Joseph").

## I.   <u>INTRODUCTION AND SUMMARY OF ALLEGATIONS</u>

This "consumer protection" action is just one of many frivolous actions that Plaintiff has brought "on behalf of the general public" against various companies throughout the United States over the past 19 years.[1]  Plaintiff is a disbarred former attorney appearing *pro se*, and identifies himself as the chairman and founder of an entity named the Made in the U.S.A. Foundation (the "Foundation"), which allegedly exists to "promote[] American-made products."[2]  Compl. ¶ 7.

In this action, as in several of Plaintiff's other actions, Plaintiff alleges

---

[1] On March 11, 2016, the Superior Court of California granted a motion made by CVS Pharmacy that prohibits Joseph from filing any new litigation in *propria persona* in the courts of California without approval of the presiding judge of the court in which the action is to be filed because of his repeated, vexatious litigation. (Ex. 1) Prefiling Order–Vexatious Litigant, Joseph v. CVS Pharmacy, Inc., SC124621 (Mar. 11, 2016).

[2] Plaintiff also holds himself out as "general counsel" of the Foundation based in California, despite being currently disbarred in Maryland and not being registered as an attorney in California.  *See* (Ex. 2) Ltr. from Joel D. Joseph to Jim Davis, Chairman of New Balance, regarding Notice of Intent to File Suit (Oct. 1, 2015) (letter on Foundation letterhead signed by "Joel D. Joseph, Chairman and **General Counsel**"); (Ex. 3) Ltr. from Joel D. Joseph to Blake Nordstrom, Chairman of Nordstrom, regarding Notice of Intent to File Suit (Nov. 13, 2015) (same); (Ex. 4) <u>About the Founder</u>, Made in the USA Foundation, *available at* http://madeusafdn.org/about-us/about-the-founder (stating "Joseph is currently chairman and **general counsel** of the Foundation"); *see also* Attorney Listing, Client Protection Fund of the Bar of Maryland, *available at* http://mdcourts.gov/cpf/attylist.html (indicating that Joel David Joseph, CPF# 8104010010, is still disbarred); State Bar of California Attorney Search, *available at* http://members.calbar.ca.gov/fal/MemberSearch/QuickSearch (searching for "Joseph" does not return a result for Joel Joseph).

violations of California's state consumer protection statutes—three claims under California's Unfair Competition Law ("UCL")[3] and one claim under California's Consumer Legal Remedies Act ("CLRA").[4,5]

In particular, Plaintiff alleges that he purchased New Balance athletic shoes from Nordstrom in California within the past year, where the shoe box was labeled "Made in the USA" and the shoes were labeled "USA" (hereinafter referred to as the "USA labeling"). Compl. ¶¶ 5, 6. Plaintiff further alleges that because more than 10% of the shoes contain imported components, the USA labeling violates California's False Advertising Law ("FAL"), which prohibits the sale of merchandise that contains such labeling where the merchandise has not been 90% or more made, manufactured, or produced in the United States. *Id.* ¶¶ 8, 9. Those two factual statements (first, that Plaintiff purchased New Balance shoes from Nordstrom in California that contained the USA labeling; and second, that more than 10% of New Balance's shoes contain imported components) ***are the extent of Plaintiff's factual allegations*** regarding the sale of the accused New Balance athletic shoes. Indeed, Plaintiff does not even attach a photograph of the shoes, box, or USA labeling, or describe their physical appearance. Nor does Plaintiff allege that he read the USA labeling before he purchased the shoes, or that he (or anyone

---

[3] *See* Cal. Bus. & Prof. Code §§ 17200, *et seq*. ***First***, Plaintiff alleges that Defendants violated the UCL by committing "unlawful business acts and practices," through violations of: (i) California's False Advertising Law, Cal. Bus. & Prof. Code § 17533.7; (ii) the Textile Act, 15 U.S.C. § 70(b); and (iii) the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*. Compl. ¶¶ 18–21 ("Count I"). ***Second***, Plaintiff alleges that Defendants violated the UCL, by committing "unfair business acts practices." *Id.* ¶¶ 22–25 ("Count II"). ***Third***, Plaintiff alleges that Defendants violated the UCL, by committing "fraudulent business acts and practices." *Id.* ¶¶ 26–29 ("Count III").

[4] *See* Cal. Civ. Code §§ 1750, *et seq*. Compl. ¶¶ 30–36 ("Count IV").

[5] Plaintiff filed his Complaint in Los Angeles Superior Court on March 3, 2016 (No. SC125489). On April 1, 2016, Defendants filed a notice of removal seeking to remove the action to this Court. Dkt. No. 1.

2

Case No. 2:16-cv-02252-PSG-AJW

1    else) relied on or suffered any injury as a result of the labeling.

2         Unrelated to the sale of athletic shoes bearing the USA labeling, Plaintiff also

3    asserts that he "purchased clothing from Nordstrom online that did not have an

4    accurate country of origin label."  Compl., Preamble.  The **only** factual statements

5    that Plaintiff asserts regarding this alleged purchase are that: (i) Plaintiff purchased a

6    pair of "AG Jeans shorts" from NordstromRack.com; (ii) the website "did not

7    disclose that the shorts were imported" (hereinafter referred to as the "alleged import

8    non-disclosure"); (iii) Plaintiff believed that the shorts were made in the United

9    States "because AG Jeans makes most of its apparel in the United States"; and (iv)

10   the shorts were made in Mexico.  *Id*. ¶ 20.[6]  Plaintiff does not even attach a screen

11   print of the NordstromRack.com website showing the shorts available for sale.  Nor

12   does Plaintiff allege that he purchased the shorts as a result of his mistaken belief

13   due to the alleged import non-disclosure, or that he (or anyone else) suffered any

14   injury as a result of the alleged import non-disclosure.

15        This action is no different from any of the other frivolous actions brought by

16

17   _____

18   [6] Plaintiff has alleged these facts against NordstromRack.com only within the first
     cause of action of his complaint. *See* Compl. ¶ 20. He then re-alleges every allegation
19   in all preceding paragraphs in his second, third, and fourth cause of action. *Id.* at
     ¶¶ 22, 26, 30. This style of pleading, known as "shotgun" pleading in some districts,
20   is prohibited because of the confusion it wreaks, and has wrought here. *See Joseph v.*
     *Bernstein*, 1:13-Civ-24355, *8–9 (11th Cir. May 12, 2015) (affirming dismissal of
21   Plaintiff Joseph's complaint because the "requirements of Rule 10(b) are violated by
     the filing of a 'shotgun complaint,' which is a complaint containing 'several counts,
22   each one incorporating by reference the allegations of its predecessors, leading to a
     situation where most of the counts (i.e., all but the first) contain irrelevant factual
23   allegations and legal conclusions.' (citation omitted)); *see also Destfino v. Reiswig*,
     630 F.3d 952, 958 (9th Cir. 2011) (affirming district court's dismissal of "shotgun
24   pleading" complaint, stating the district court acted within its discretion). Because of
     the "shotgun complaint" here, the AG Jeans shorts claim under the second, third and
25   fourth causes of action should be dismissed, but in the interest of completeness,
     Defendants also address Plaintiff's claims as though they were correctly plead.
26

27

28

Case No. 2:16-cv-02252-PSG-AJW

Plaintiff,[7]  and the Court should dismiss it for the following reasons:

**First**, Plaintiff lacks standing.  *Pro se* plaintiffs may not bring actions on behalf of others, much less actions "on behalf of the general public" that must be brought as class actions.  Plaintiff's reputation as a vexatious litigant in similar actions, his disbarment for dishonesty in filings in this District, and the fact that he improperly holds himself out as an attorney in California make him particularly unsuitable to serve as a class representative.  Further, Plaintiff lacks standing as an individual.  Specifically, Plaintiff fails to assert any allegations that he relied on, or suffered any injury as a result of, any action by Defendants—which are prerequisites to asserting UCL and CLRA claims.  Plaintiff also fails to meet the threshold statutory procedural requirements to bring a CLRA action.

**Second**, even if Plaintiff could have adequately alleged standing, he fails to sufficiently plead his claims under the UCL and the CLRA.  As a threshold matter, each of Plaintiff's UCL and CLRA claims is predicated on allegedly fraudulent misrepresentations and omissions, and Plaintiff failed to assert any allegations regarding fraud with the required specificity.  Further, Plaintiff failed to assert facts sufficient to allege even the basic elements of his claims.

**Third**, Plaintiff will not be able to amend his Complaint to correct his errors regarding the athletic shoes because he did not rely on the USA labeling when purchasing the shoes, and therefore will never be able to demonstrate any reliance, causation, or injury.

For each of the foregoing reasons, the Court should dismiss Plaintiff's Complaint with prejudice.

---

[7] Plaintiff has lost at least eight such actions on motions to dismiss, including an action recently dismissed by Judge Birotte Jr. in this District, where Plaintiff had attempted to litigate claims highly similar to those in this action.  *Joseph v. Ralphs Grocery Co.*, No. 15-Civ-9399, 2016 WL 1056648 (C.D. Cal. Mar. 4, 2016).

4

Case No. 2:16-cv-02252-PSG-AJW

## II.   ARGUMENT

### A.   Plaintiff Lacks Standing to Bring This Action

As a threshold matter, Plaintiff does not have standing to bring this action.  He is unsuitable to represent a class and has failed to allege any reliance on or injury caused by Defendants' alleged misconduct.

As a threshold matter, Plaintiff does not have standing to bring this action.  He is unsuitable to represent a class and has failed to allege any reliance on or injury caused by Defendants' alleged misconduct.

#### 1.   As a *Pro Se* Disbarred Attorney, Plaintiff Lacks Standing To Bring a Class Action

Plaintiff asserts claims under California's UCL and CLRA, alleging that "[t]his is a private Attorney General action brought on behalf of the general public" to "remedy violations of California's state consumer protection statutes" and to "compel defendants to label their products accurately regarding made in the USA content."  Compl. ¶¶ 4, 10, 17.  Plaintiff, however, is unsuitable to represent the interests of a class as a representative because he is a *pro se* disbarred attorney.

##### a.   As a Non-Attorney *Pro Se* Litigant, Plaintiff May Not Bring a Class Action

Plaintiff claims this action is a private attorney general action brought on behalf of the general public, however, current California law prevents Plaintiff from bringing this action unless he satisfies class action requirements.[8]  *See* Cal. Bus. &

---

[8] Plaintiff appears to be relying on a version of the UCL that predates Proposition 64, enacted in 2004.  As the California Supreme Court explained:

> Before 2004, the unfair competition law allowed 'any person acting for the interests of itself, its members or the general public' to seek restitution or injunctive relief against unfair acts or practices.  Thus, under the former law a plaintiff did not have to show any actual injury, and a representative action brought under the unfair competition law did not have to be brought as a class action . . . But that changed in 2004, when voters . . . enacted Proposition 64[, which] amended the

5

Prof. Code § 17203 ("Any person may pursue representative claims or relief on behalf of others only if the claimant . . . complies with [applicable class action requirements].");  *Amalgamated Transit*, 209 F.3d at 940 (affirming dismissal of UCL claims, noting that "all unfair competition law actions seeking relief on behalf of others, including those brought by representatives . . . must be brought as class actions"); *In re WellPoint, Inc. Out-of-Network UCR Rates Litigation*, 903 F. Supp. 2d 880, 898–99 (C.D. Cal. 2012) (granting motion to dismiss for failure to allege class claims) (quoting and applying *Amalgamated Transit*, 46 Cal. 4th at 1005).

To bring a class action, Plaintiff must plead, *inter alia*, his adequacy as a class representative—that is, that he "[will] fairly and adequately protect the interests of the class" and "must appear able to prosecute the action vigorously through qualified counsel."  *Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 669 (Cal. Ct. App. 1993) (affirming dismissal of CLRA action for failure to establish adequacy; discussing CLRA class action requirements); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) (interpreting Fed. R. Civ. P. 23).

As a *pro se* litigant who, by definition, is not appearing "through qualified counsel," Plaintiff cannot bring this action on behalf of others.  *See, e.g.*, *Kendall v. United States*, 541 Fed. Appx. 781, 781–82 (9th Cir. 2013) (affirming dismissal of putative class action; "non-attorney *pro se* litigants have no authority to represent anyone other than themselves"); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (affirming dismissal of class action because *pro se* plaintiff "has no authority to appear as an attorney for others than himself"); *see also Rudgayzer v. Yahoo! Inc.*, 5:12-Civ-01399, 2012 WL 5471149, at *4–5 (N.D. Cal. Nov. 9, 2012)

---

unfair competition law to allow private representative claims for relief to be brought only by those persons who satisfied the law's new standing requirements and who complied.

*Amalgamated Transit Union, Local 1756 v. Superior Court*, 209 P.3d 937, 941–42 (Cal. 2009).

Case No. 2:16-cv-02252-PSG-AJW

(granting motion to dismiss class action because plaintiff, appearing *pro se*, could not adequately represent interests of the class).

### b.   As a Disbarred Attorney, Plaintiff May Not Bring a Class Action

Plaintiff is a former attorney who was disbarred by the state of Maryland in 2011 for making false statements in connection with *pro hac vice* applications filed with courts in California, including this District.  *See Att'y Grievance Comm'n of Md. v. Joseph*, 31 A.3d 137, 140–46 (Md. 2011).[9]  The Court found Plaintiff "lacked candor, was dishonest, misleading, prejudicial to the administration of justice, and beyond excuse" for making false statements to this Court and others.[10]  *Id*. at 159.

It is well-established that a disbarred attorney is unfit to serve as a representative to a class, which relies on the representative to serve as a fiduciary. *See* 5 MOORE'S FED. PRACTICE, § 23.25[2][a] (3d ed. 2014) (explaining class representative's fiduciary obligations to class); *see also In re Surebeam Corp. Secs. Litig.*, No. 03-Civ-1721, 2004 WL 5159061, at *7 (S.D. Cal. Jan. 5, 2004) (noting that "an individual is an inadequate lead plaintiff due to unrelated misconduct which implicates the individual's ability to serve as a fiduciary"); *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010) ("The honesty and credibility of a class representative is a relevant consideration when performing the adequacy inquiry 'because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims.'") (citing *Searcy v. eFunds Corp.*, No. 08-Civ-985, 2010 WL 1337684, at *4 (N.D. Ill. Mar. 31, 2010).

Indeed, a Court recently held that a putative class plaintiff's status as a

---

[9] Plaintiff was also reciprocally disbarred in at least Ohio and the District of Columbia as a result of the Maryland disbarment. *Disciplinary Counsel v. Joseph*, 977 N.E.2d 657 (2012), (indefinitely suspending Joseph) (petition for reinstatement denied in *Disciplinary Counsel v. Joseph*, 38 N.E.3d 892 (Ohio 2015)); (Ex. 5) *In Re: Joel D. Joseph*, No. 15-BG-1094 (D.C. Cir., Dec. 17, 2015) (disbarring Joseph).
[10] The Court also emphasized the Circuit Court's finding that Plaintiff had "engaged in dishonesty, deceit[,] and misrepresentation." *Att'y Grievance*, 31 A.3d. at 146.

disbarred former attorney specifically excluded him from serving as an adequate class representative.  *See Rambarran v. Dynamic Airways, LLC*, No. 14-Civ-10138, 2015 WL 4523222, at *9–10 (S.D.N.Y. July 27, 2015).  In *Rambarran*, a disbarred former attorney sought to represent a class of plaintiffs in an action alleging that an airline unreasonably delayed a flight in violation of the international airline treaties.  *Id*. at *1.  The Court dismissed the action, noting that the attorney was disbarred for misusing client funds, and was thus "not an adequate class representative" because he was not "of sufficient moral character to represent a class."  *Id*. at *9.

Additionally, the fact that Plaintiff appears to be illegally holding himself out as the general counsel of the Foundation in California (despite being disbarred in Maryland and not being registered as an attorney in California) dooms his ability to serve as a class representative because it is further evidence of unfitness as a class representative.[11]

### 2.    Plaintiff Lacks Standing in His Individual Capacity

Nor does Plaintiff have standing to bring this action as an individual either.  In fact, Plaintiff fails to assert any allegations that he (or anyone else) suffered injury or relied on Defendants' actions—as required to bring claims under the UCL and CLRA.  Additionally, Plaintiff fails to meet the threshold statutory procedural requirements to bring an action under the CLRA.

### a.    Plaintiff Fails to Allege Injury and Reliance

To establish standing under the UCL and CLRA, a plaintiff must have

---

[11] Under Cal. Bus. & Profs. Code § 6126, it is illegal to hold oneself out as an attorney entitled to practice law—with fines and imprisonment as possible consequences.  Further, Rule 9.46(a)(2) of the California Rules of Court states that, for a person to practice law as in-house counsel, that person must be an active member in good standing, which is defined to also require that the person "has not been disbarred . . . in any other jurisdiction."  Thus, Plaintiff's disbarment prevents him from serving as in-house counsel for the Foundation, and the representations on the Foundation's webpage and in his letters to Defendants are illegal. *See supra*, notes 1–2, 9–10.

8

suffered an "injury-in-fact" and lost money or property as a result of the defendant's conduct.  Cal. Bus. & Profs. Code §§ 17200, 17204 (requiring injury "as a result of a violation of the unfair competition"); *Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009) (affirming dismissal of complaint for lack of standing where plaintiff did not establish the requisite "lost money or property" for relief under the UCL); Cal. Civ. Code § 1780(a) (requiring "damage as a result of" a CLRA violation); *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1132 (N.D. Cal. 2014) (noting that "a plaintiff must allege that she relied on the defendant's alleged misrepresentation and that she suffered economic injury as a result") *vacated sub nom. Kane v. Chobani, LLC*, No. 14-15670, 2016 WL 1161782, *1 (9th Cir. Mar. 24, 2016) (vacating judgment and entering stay pending FDA's evaluation of terms "evaporated cane juice" and "natural" in food labeling). Further, where, as here, mislabeling claims under the UCL and CLRA are grounded on alleged misrepresentations or omissions, a plaintiff must allege "***actual reliance*** on the allegedly deceptive or misleading statements . . . and that the misrepresentation was an ***immediate cause*** of their injury producing conduct," to have standing to sue. *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793 (9th Cir. 2012) (affirming dismissal of UCL and CLRA claims for lack of reliance) (applying *Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 888 (Cal. 2011) (emphasis added)).

Here, Plaintiff does not allege ***any*** economic injury (*e.g.*, lost money or property) as a result of the USA labeling or the alleged import non-disclosure.  *See generally* Compl.  Plaintiff also fails to allege ***any*** reliance (i.e., Plaintiff fails to allege that he read the USA labeling or that he otherwise relied on the USA labeling when he purchased the athletic footwear; Plaintiff also fails to allege that he purchased the AG jean shorts because he believed they were made in the United States).  *See Id.*

It is well-established that where a plaintiff alleging UCL and CLRA claims grounded on misrepresentations or omissions makes no allegations whatsoever

1  regarding injury or reliance, the plaintiff does not have standing, and the UCL and
2  CLRA claims should be dismissed.  For example:

3  • In *Joseph v. Ralphs Grocery Store*, Plaintiff Joseph filed another self-labeled
4    "private attorney general action" against a grocery store and several food
5    companies after purchasing containers of cashews that were (allegedly
6    improperly) not marked with the country of origin.  Plaintiff Joseph asserted
7    claims under the UCL and CLRA, and the Court dismissed the claims with
8    prejudice in part based on Plaintiff Joseph's lack of standing since he failed to
9    allege injury as a result of the absence of country of origin information, and
10   failed to make any allegations regarding reliance.  No. 2:15-Civ-9399-AB-E,
11   2016 WL 1056648 at *1-2 (C.D. Cal. Mar. 4, 2016).

12  • In *Joseph v. Costco Wholesale Corp.*, Plaintiff Joseph filed yet another self-
13    labeled "private attorney general action" against Costco after purchasing the
14    generic version of the prescription drug Lipitor that was (allegedly
15    improperly) not marked with the country of origin, but that also contained the
16    label "Mfr. APOTEX USA INC" (which allegedly misleadingly caused
17    Plaintiff Joseph to believe that it was made in the USA).  Plaintiff Joseph
18    asserted UCL and CLRA claims, and the Court granted Costco's motions for
19    summary judgment for lack of standing based on a lack of reliance by Plaintiff
20    Joseph where he failed to show that he actually read the labeling at issue or
21    relied on it when making his purchase. No. 2:14-Civ-6899, 2016 WL 759559,
22    at *1, 3–4 (C.D. Cal. Feb. 24, 2016).

23
24  • In *Sateriale*, the plaintiff brought UCL and CLRA claims on the theory that
25    tobacco packages falsely advertised the terms of "Camel Cash" certificates,
26    but failed to allege that the advertisements induced any purchase, or that the
27    plaintiff read or relied on any such allegations.  The District Court dismissed
28    the plaintiff's claims, and the Ninth Circuit affirmed the dismissal, finding no

reliance because the plaintiff did not allege that she relied on the representations (or, if she did rely, that her reliance caused her harm). 697 F.3d at 793.

The facts of the foregoing cases are similar to facts here; as a result of Plaintiff's failure to allege reliance on, and economic injury caused by, Defendants' conduct, Plaintiff lacks standing to bring the UCL and CLRA claims. Thus, the Court should dismiss all of Plaintiff's claims.

### b. Plaintiff Fails to Meet the Threshold Statutory Requirements to Bring an Action Under the CLRA

To file an action seeking damages under the CLRA, a plaintiff must meet certain threshold procedural requirements. In particular, Sections 1780(a) and 1780(d) of the California Civil Code state that an action seeking damages, an injunction, or any other relief under the CLRA, may be commenced "in the county in which the person against whom it is brought resides, has his or her principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred." Concurrently with filing the complaint, a plaintiff must file an affidavit stating facts showing that the action has been commenced in a county described in Section 1780 as the proper place for the action. Cal. Civ. Code § 1780(d). Failure to do so requires dismissal upon the Court's motion or the motion of any party. *Id.* Here, Plaintiff did not file an affidavit with the Complaint setting out the facts showing the action has been commenced in the proper county, and this fact alone warrants dismissal of the claim.

Another requirement to filing an action seeking damages under the CLRA is that a plaintiff shall provide proper "notice" to the defendant thirty days or more prior to the commencement of the action, by: (i) notifying the defendant of the particular alleged violations of Section 1770; (ii) demanding that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770; and (iii) submitting the notice in writing by certified or registered

11

mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.  *See* Cal. Civ. Code § 1782(a).

Here, Plaintiff failed to comply with the notice requirements.  Although he sent a letter by certified mail to Jim Davis, Chairman of New Balance, and a letter to Blake Nordstrom, Chairman of Nordstrom, the letters have many deficiencies. (Ex. 2) Ltr. from Joel D. Joseph to Jim Davis, Chairman of New Balance, regarding Notice of Intent to File Suit (Oct. 1, 2015) ("New Balance Letter"); (Ex. 3) Ltr. from Joel D. Joseph to Blake Nordstrom, Chairman of Nordstrom, regarding Notice of Intent to File Suit for U.S.A. labeled shoes (Nov. 13, 2015) ("First Nordstrom Letter"); (Ex. 6) Ltr. from Joseph to Blake Nordstrom regarding Notice of Intent to File Suit (Nov. 20, 2015) ("Second Nordstrom Letter").[12] First, the letters do not notify the defendant of the "particular alleged violations of Section 1770." Cal. Civ. Code § 1782(a); *see* New Balance Letter (stating "[the shoes] do not meet California's 90-95% 'Made in the U.S.A.' standard"); First Nordstrom Letter (same); Second Nordstrom Letter (stating that the internet information did not provide country of origin information as required by the "textile act"). Second, the letters purport to be on behalf of the "Made in the U.S.A. Foundation," not the injured party. *See e.g.*, New Balance Letter (settlement terms include monitoring agreement and "$100,000" paid to Made in the U.S.A. Foundation to "monitor compliance" with the settlement); First Nordstrom Letter (same).[13] These settlement demands by Plaintiff more closely track those requirements under Section 1782(c),

---

[12] The first letter Joseph sent to Nordstrom only identified the USA labeled New Balance shoes and contains the same allegations as the New Balance letter. The second letter to Nordstrom discusses "two pairs of shorts" purchased from Nordstrom Rack. Second Nordstrom Letter.

[13] To reiterate, Plaintiff has held himself out to be an attorney, representing the Foundation, in violation of California law. *See supra* notes 1, 8–10 and accompanying text.

Case No. 2:16-cv-02252-PSG-AJW

the steps necessary to adequately settle a class action, but as discussed above, Plaintiff cannot represent a class, nor is he an adequate class representative, and thus cannot settle the action on behalf of potential class members. *See supra* Section II(A)(1). Third, relatedly, Plaintiff's letters failed to "demand that the person correct, repair, replace, or otherwise rectify the goods … alleged to be in violation." Cal. Civ. Code § 1782(a)(2); *see* New Balance Letter (not seeking replacement, or even identifying the cost of the shoes purchased); First Nordstrom Letter (same); Second Nordstrom Letter (not requesting any remedy related to the shorts Plaintiff purchased). Finally, Plaintiff's letter was mailed to New Balance's offices in Massachusetts and Nordstrom's offices in Washington, neither of which is one of the two places where the letter can be sent as required by Section 1782.  Cal. Civ. Code § 1782(a) ("The notice . . . shall be sent . . . to the place where the transaction occurred or to the person's principal place of business within California."); *see* New Balance Letter (the envelope indicates the letter was sent to 20 Guest Street, Boston, MA 02135); First Nordstrom Letter (addressed to 1617 6th Avenue, Seattle, WA 98101).

A claim for damages under the CLRA that is filed without giving proper notice must "be dismissed until 30 days or more after the plaintiff complies with the notice requirements."  *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1261 (2009).  "A claim for the 'equitable relief of disgorgement or restitution [is] still a claim for damages.'"  *Oxina v. Lands' End, Inc.*, No. 14-Civ-2577, 2015 WL 4272058, at *2 (S.D. Cal. June 19, 2015) (quoting  *Cuevas v. United Brands Co.*, No. 11-Civ-991, 2012 WL 760403, at *4 (S.D. Cal. Mar.8, 2012)).  Plaintiff's failure to give proper notice under Section 1782(a) warrants dismissal of his CLRA claim.

**B.    Plaintiff Fails to Allege His Claims with Sufficient Particularity**

Even if Plaintiff could have adequately alleged standing, Plaintiff fails to sufficiently plead his claims under the UCL and the CLRA.  ***First***, as a threshold

matter, each of Plaintiff's UCL and CLRA claims are predicated on allegedly fraudulent misrepresentations and omissions, and Plaintiff failed to assert any allegations regarding fraud with the required specificity. ***Second***, Plaintiff failed to adequately plead his claims for unfair and fraudulent business acts and practices under the UCL (Counts II and III) and his claim under the CLRA (Count IV) because he failed to allege any reliance, causation, or injury. ***Third***, Plaintiff failed to adequately plead his claim for unlawful business practices under the UCL (Count I) because Plaintiff failed to plead sufficient facts to state a violation of any of the three laws that he claims Defendants violated—(i) the FAL, § 17533.7; (ii) the Textile Act, 15 U.S.C. § 70(b) *et seq*.; and (iii) the CLRA.

### 1.   Legal Standards

#### a.   Pleading Standards Under Rules 8(a) and 12(b)(6)

Rule 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rule 12(b)(6) mandates dismissal when a plaintiff has failed "to state a claim upon which relief can be granted." Dismissal is appropriate where a plaintiff fails to offer sufficient factual allegations that make its asserted claims plausible on their face. *Twombly*, 550 U.S. at 570. A plaintiff's obligation is to provide the grounds for its entitlement to relief beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

The Court also may not accept as true a "legal conclusion couched as a factual allegation." *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. 15-Civ-246, 2015 WL 4545187, at *1 (C.D. Cal. July 8, 2015) (citing *Twombly*, 550 U.S. at 555); *see also Mindlab Media, LLC v. LWRC Int'l, LLC*, No. 11-Civ-3405, 2012 WL 386695, at *2 (C.D. Cal. Feb. 6, 2012) (". . . [A] court considering a motion to dismiss can choose

1  to begin by identifying pleadings that, because they are no more than conclusions,

2  are not entitled to the assumption of truth. While legal conclusions can provide the

3  framework of a complaint, they must be supported by factual allegations.'" (quoting

4  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### b.      Heightened Pleading Standard Under Rule 9(b)

6        Fraud-based claims are subject to heightened pleading requirements under

7  Rule 9(b). In particular, in asserting a claim for fraud, a plaintiff's allegations must

8  contain "an account of the time, place, and specific content of the false

9  representations as well as the identities of the parties to the misrepresentations."

10 *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted).  Mere

11 conclusory allegations of fraud are insufficient.  *Yumul v. Smart Balance, Inc.*, 733

12 F. Supp. 2d 1117, 1122 (C.D. Cal. 2010).  As explained in detail below, Rule 9(b)'s

13 heightened pleading requirements apply to claims under the UCL and the CLRA.

14 *Id*.

### 2.      None of Plaintiff's Claims Properly Alleges Fraud

16       As a threshold matter, Plaintiff bases each of his UCL and CLRA claims at

17 least in part on allegations that Defendants committed fraud.  *See* Compl. ¶¶ 21(c),[14]

18 23, 28, 35–36.  The Ninth Circuit has held that where a plaintiff asserting UCL and

19 CLRA claims alleges fraudulent conduct and relies entirely on that course of

20 conduct as the basis of that claim, then the claim can be said to be "grounded in

21 fraud" or to "sound in fraud," and the pleading as a whole must satisfy Rule 9(b)'s

22 particularity requirement.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.

23 2009).  Additionally, as one basis for arguing that Defendants have violated the

24 "unlawful business acts and practices" prong of the UCL, Plaintiff argues that

25 Defendants have violated California's FAL.  It is well-established that claims under

26

27 _____

[14] This paragraph refers to the "second" paragraph 21(c) in the Complaint. (It appears

28 that there was a typographical error and that the second paragraph 21(c) and 21(d) should have been numbered as 22 and 23 respectively.) *See* Compl. ¶ 21.

1  California's FAL are also grounded in fraud.  *Yumul*, 733 F. Supp. 2d at 1122–23

2  (citing as an example *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 642 F.

3  Supp. 2d 1112, 1124 (C.D. Cal. 2009) ("However, this Court agrees that Plaintiff's

4  false advertising claims are 'grounded in fraud.'") (citation omitted).  Therefore,

5  Rule 9(b) governs the pleading standard of Plaintiff's claims because "each alleges

6  false advertising [or] false representations regarding the properties of . . .

7  [Defendants'] product."  *Yumul*, 733 F. Supp. 2d at 1123.

8      Thus, Plaintiff's claims must contain an account of the time, place, and

9  specific content of Defendants' alleged false representations as well as the identities

10  of the parties to the misrepresentations (i.e., the "who, what, when, were, and how").

11  Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.

12  2003).  Because Plaintiff failed to allege facts sufficient to support any claims for

13  fraud, he does not meet the heightened pleading standard, and the Court should

14  dismiss his claims.

15      The entirety of Plaintiff's factual allegations regarding the athletic shoes are

16  that he purchased New Balance shoes from Nordstrom in California that contained

17  the USA labeling, and that more than 10% of New Balance's shoes contain imported

18  components.  Compl. ¶¶ 5–6, 8.  And the entirety of Plaintiff's factual allegations

19  regarding the jean shorts are that he purchased a pair of "AG Jeans shorts" from

20  NordstromRack.com; the website "did not disclose that the shorts were imported";

21  Plaintiff believed that the shorts were made in the United States "because AG Jeans

22  makes most of its apparel in the United States"; and the shorts were made in Mexico.

23  *Id.* ¶ 20.  These cursory allegations certainly do not provide sufficient information

24  for Defendants to adequately prepare against Plaintiff's claim of fraud.

25      First, Plaintiff failed to identify a date on which the alleged purchases

26  occurred, making it impossible for Defendants to confirm whether Plaintiff actually

27  made the alleged purchases.  Second, Plaintiff failed to identify an address for the

28  store from which he allegedly purchased the shoes—again, making it impossible for

16

Defendants to confirm whether Plaintiff actually purchased the shoes. Third, Plaintiff failed to identify which defendant made the USA labeling statement—Nordstrom or New Balance.  Fourth, Plaintiff failed to identify the price he paid for the shoes or the shorts, or the price that he claims they are worth with the allegedly false marking.  Fifth, Plaintiff failed to identify the type or model of shoes or shorts that he purchased.  New Balance makes and sells hundreds of types and models of shoes, and Nordstrom sells many types of AG shorts; without knowing what type or model of shoe or shorts that the Plaintiff alleges contains the alleged misrepresentations, Defendants would be required to prepare an answer for every single type and model of shoe and shorts that they sell.  To prevent this nebulous, massive undertaking is exactly why the heightened Rule 9(b) standard exists. *Yumul*, 733 F. Supp. at 1122 ("The complaint [must] identif[y] the circumstances of the alleged fraud so that defendants can prepare an adequate answer.") (quotation omitted). Thus, all four of Plaintiff's claims should be dismissed for failure to plead with particularity the circumstances of the alleged fraud.

> **3.    The Complaint Fails to Allege Claims for Unfair and Fraudulent Business Acts and Practices Under the UCL and a Claim Under the CLRA Because Plaintiff Failed to Plead Reliance, Causation, and Injury**

Not only has Plaintiff failed to meet the Rule 9(b) particularity pleading requirements, but Plaintiff has also failed to plead even the basic elements necessary to state claims for unfair and fraudulent business acts and practices under the UCL (Counts II and III) and a claim under the CLRA (Count IV).

To properly plead each of these claims, a plaintiff must allege injury, and reliance on the misrepresentation, or causation.  *See Pirozzi v. Apple, Inc.*, 966 F. Supp. 2d 909, 920–22 (N.D. Cal. 2013) (explaining that the test of whether a business practice is a violation of the UCL, involves an examination of the harm to the alleged victim, and that a plaintiff's economic injuries must come "as a result of" the conduct, and a plaintiff must allege "a causal connection" between the conduct

and the injury "or reliance on the alleged misrepresentation"); *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1193–94 (S.D. Cal. 2005) (stating that a plaintiff must allege an injury, and either causation or that they relied on the defendant's false advertising in entering into the transaction).

Here, Plaintiff has failed to allege any reliance, causation, or injury whatsoever from the purchase of the New Balance shoes allegedly containing the USA labeling or the AG jean shorts with the alleged import non-disclosure.  The only paragraph in the entire Complaint that even remotely alleges any type of cognizable injury relates to "unlabeled drugs," and appears to be a super-copied remnant from one of Plaintiff's numerous other frivolous "Made in the U.S.A." actions.[15]  Compl. ¶ 24; *Joseph v. Costco*, 2016 WL 759559 at *1.  Additionally, Plaintiff failed to allege any "causal connection or reliance" on the alleged misrepresentations.  Indeed, nowhere does Plaintiff state that he even read the USA labeling before he purchased the shoes, or that he (or anyone else) relied on the labeling when making a purchasing decision.  Similarly, nowhere does Plaintiff state that he purchased the AG jean shorts as a result of his mistaken belief that they were made in the United States (i.e., as a result of the alleged import non-disclosure).

Courts in California routinely dismiss claims for unfair and fraudulent business practices under the UCL and claims under the CLRA where plaintiffs fail to assert any allegations regarding reliance, causation, and harm.  For example, in *Joseph v. Ralphs Grocery*, the Court dismissed with prejudice Plaintiff Joseph's claim under the UCL and CLRA, which alleged that defendants failed to designate a country of origin on their products, because Plaintiff failed to allege reliance on, and economic injury caused by, the defendants' conduct.  2016 WL 1056648, at *2–3; *see also Nguyen v. Bank of Am. Home Loans Serv., LP*, No. H038544, 2014 WL

---

[15] Paragraph 33 of the First Amended Complaint in *Joseph v. Costco* includes the same grammatical error in the first sentence as in the first sentence of Paragraph 24 of the Complaint in this action.

Case No. 2:16-cv-02252-PSG-AJW

692871, at *17 (Cal. Ct. App. Feb. 24, 2014) (dismissing plaintiff's claim where it alleged in a "conclusory fashion" that defendants committed the asserted fraudulent practices); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 947 (S.D. Cal. 2007) (dismissing plaintiff's conclusory allegations stating plaintiff "does not allege that false statements or claims had anything to do with her decision to purchase [the product]").

Like the plaintiffs in the foregoing cases, here, Plaintiff failed to allege that he relied on Defendants' alleged misrepresentations or omissions in making his purchasing decisions or that Defendants' alleged misrepresentations or omissions caused harm to Plaintiff (or anyone else).  Thus, the Court should dismiss Plaintiff's claims for unfair and fraudulent business acts and practices (Counts II and III) and Plaintiff's claim under the CLRA (Count IV).

### 4. The Complaint Fails to Allege a Claim for Unlawful Business Acts and Practices Under the UCL Because Plaintiff Failed to Meet the Pleading Standards of Any Other Statute Cited

"Unlawful business acts and practices" under the UCL is defined as "anything that can be properly called a business practice and that at the same time is forbidden by law." *Joseph v. Ralphs*, 2016 WL 1056648, at *3.  Under the unlawful prong, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Oxina*, 2015 WL 4272058, at *8.  Thus, a Plaintiff who cannot state a claim under a "borrowed law" cannot state a UCL claim either.  *Id*.

Here, Plaintiff alleges that Defendants' alleged conduct violates three laws: (i) FAL, § 17533.7; (ii) The Textile Act, 15 U.S.C. § 70(b *et seq*.; and (iii) the CLRA. Compl. ¶ 21(a)-(c).  Thus, Plaintiff's "unlawful" claim under the UCL rises and falls with these three "borrowed" laws.  For the reasons stated above in Sections II(B)(1)(ii)-(B)(2) and II(B)(3), respectively, Plaintiff has failed to plead sufficient facts to state claims for either the FAL or the CLRA.  Additionally, Plaintiff's

1   Textile Act claims also fail.  Regarding the shorts, Plaintiff never alleges that the

2   shorts were not labeled with the proper designation of origin;[16] instead he alleges the

3   *website* did not contain the labeling.  That is not required under the Textile Act.  15

4   U.S.C. § 70b (b)(4)-(5) (requiring a label "affixed to the product" detailing whether

5   the product is processed or manufactured in the U.S. or abroad).[17]  Regarding the

6   shoes, Section 70j of the Textile Act specifically exempts shoes from the very

7   labeling requirements that Plaintiff appears to assert that New Balance violated:

8           (a) None of the provisions of this subchapter shall be construed to apply to

9           . . .

10          (10) **textile fiber products incorporated in shoes** or overshoes or similar

11          outer footwear.

12  15 U.S.C. § 70(j).  Plaintiff's claim that Defendants have violated the Textile Act

13  holds no water, and should be dismissed with prejudice.

14          Because Plaintiff failed to adequately plead that Defendants violated any law,

15  the Court should dismiss Plaintiff's "unlawful business acts and practices" claim

16  under the UCL.

17          **C.      Plaintiff's Complaint Should Be Dismissed With Prejudice**

18          Plaintiff will not be able to amend his Complaint to correct the above errors

19  and omissions because he never relied on the USA labeling when purchasing the

20  athletic shoes, and therefore cannot show any causation or injury.  In particular, as

21  the self-identified founder, chairman, and general counsel of the Foundation,

22  Plaintiff knew (or can be inferred to have known) the meaning of the USA labeling.

23  _____

24  [16] Plaintiff's allegation that the shorts were made in Mexico strongly leads to the
    inference that the shorts were in fact tagged in accordance with the Textile Act.

25  Compl. ¶ 20.

26  [17] This is similar to UCL § 17533.7. In *Oxina*, the court stated that UCL § 17533.7
    only creates liability where the made in the U.S.A. label appears on the merchandise

27  or the merchandise's container. It does not create liability for a product that is
    misleadingly described on a website with the words "Made in the U.S.A." 2015 WL

28  4272058, *7–8.

Even a cursory review of the Foundation's website, social media pages, and news articles reveals that Plaintiff has been intimately aware of New Balance's manufacturing practices for at least the past five years:

- In 2010, the Foundation posted a blog post lauding New Balance for its commitment to manufacturing products in the USA, stating that "New Balance distinguishes between Made in the USA and Assembled in the USA. If the Domestic Value of the shoe is greater than 70%, the show [sic] is 'Made in the USA.'"  (Ex. 7).[18]

- In 2011, the Foundation also inducted New Balance to its "hall of fame," which rewards companies that exemplify excellence in domestic manufacturing processes and products, lauding New Balance as "the largest shoe manufacturer in the United States." (Ex. 8).[19]

- In October of 2012, Mr. Joseph specifically stated that "New Balance Shoe Company is an economic patriot because it manufactures athletic shoes in the United States even though it could make all of its shoes in China for less money."  (Ex. 9).[20]

*See also* Exs. 10-13 (additional articles and posts from the Foundation regarding New Balance's manufacturing processes).

---

[18] *Two Thumbs Up, New Balance*, Made in the USA Foundation Blog (Dec. 27, 2010) *available at* http://madeusafdn.blogspot.com/2010/12/two-thumbs-up-new-balance.html.  The post was uploaded by the user, "Made in the USA Foundation." Viewing that user's profile shows that to contact the uploader, one can email "Chairman@MadeUSAFdn.org." https://www.blogger.com/profile/06535182153305385146 (last visited Mar. 31, 2016). Presumably that email address goes directly to Joel Joseph, the chairman of the foundation.

[19] *About the 2011 Winners*, Made in the USA Foundation: Hall of Fame, *available at* http://madeusafdn.org/hall-of-fame/ (last accessed Apr. 5, 2016)

[20] Joel D. Joseph, Op. Ed., Made in the USA Chairman Joel D. Joseph Issues Statement Regarding Economic Patriotism, REUTERS, *available at*, http://www.reuters.com/article/idUS217297+17-Oct-2012+BW20121017 (last accessed Mar. 31, 2016).

The foregoing articles and posts demonstrate that Plaintiff was intimately aware of New Balance's manufacturing processes *before* he allegedly purchased the athletic shoes at issue in this action, and thus he cannot allege harm or causation due to the USA labeling.  In other words, because Plaintiff would not have believed the USA labeling (because of his background knowledge of New Balance's manufacturing processes), he cannot demonstrate that he relied on the USA labeling when making his purchase, that he was harmed by the USA labeling, or that the USA labeling caused any injury.  As reliance, causation, and injury are required threshold components to bring claims under the UCL and CLRA, and Plaintiff will never be able to satisfy those required elements, the Court should dismiss Plaintiff's entire Complaint without leave to amend.

## III.   CONCLUSION

This action is no different than any of the other frivolous actions brought by Plaintiff and dismissed by Courts throughout the country.  Because Plaintiff lacks standing, Plaintiff fails to sufficiently plead his claims under the UCL and the CLRA, and Plaintiff will not be able to amend his Complaint to correct his errors because he will never be able to establish any reliance, causation, or injury, the Court should dismiss Plaintiff's Complaint with prejudice.

Case No. 2:16-cv-02252-PSG-AJW

Dated: April 8, 2016                          Respectfully submitted,

By */s/ Garrett K. Sakimae*

                  Garrett K. Sakimae
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Tel: (858) 678-5070
Fax: (858) 678-5099
sakimae@fr.com

R. David Hosp
*(Pro Hac Vice Pending)*
Mark S. Puzella
*(Pro Hac Vice Pending)*
Sheryl K. Garko
*(Pro Hac Vice Pending)*
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Tel:  (617) 542-5070
Fax:  (617) 542-8906
hosp@fr.com
puzella@fr.com
garko@fr.com

Elizabeth Brenckman
*(Pro Hac Vice Pending)*
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
Tel:  (212) 765-5070
Fax:  (212) 25-2291
brenckman@fr.com

Attorneys for Defendants
*NORDSTROM, INC. and NEW BALANCE ATHLETICS, INC.*

23

# **PROOF OF SERVICE**

I am employed in the County of San Diego.  My business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130.  I am over the age of 18 and not a party to foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On April 8, 2016, I served a copy of the foregoing document(s) on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

**Plaintiff:**

Joel D. Joseph, PRO PER
11950 San Vicente Blvd,
Suite 220
Los Angeles, CA 90049
Tel: 310-820-2211

| | | |
|---|---|---|
| [ X ] | **MAIL:** | Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business. |
| [ ] | **PERSONAL:** | Such envelope was delivered by hand to the offices of the addressee. |
| [ ] | **FACSIMILE:** | Such document was faxed to the facsimile transmission machine with the facsimile machine number stated above.  Upon completion of the transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error. |
| [ ] | **ELECTRONIC MAIL:** | Such document was transmitted by electronic mail to the addressees' email addresses as stated above. |
| [ ] | **FEDERAL EXPRESS:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by Federal Express. |

Case No. 2:16-cv-02252-PSG-AJW

| | | |
|---|---|---|
| ☐ | **EXPRESS MAIL:** | Such correspondence was deposited on the same day in the ordinary course of business with a facility regularly maintained by the United States Postal Service. |
| ☐ | **OVERNIGHT DELIVERY:** | Such correspondence was given on the same day in the ordinary course of business to an authorized courier or a driver authorized by that courier to receive documents. |

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct.  Executed on April 8, 2016, San Diego, California.

*/s/ Kristen Coolidge*
Kristen Coolidge

Case No. 2:16-cv-02252-PSG-AJW