**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 9 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL DAVID JOSEPH,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>NORDSTROM, INC.; NEW BALANCE ATHLETICS, INC.,<br><br>    Defendants-Appellees. | No. 16-56895<br><br>D.C. No. 2:16-cv-02252-PSG-AJW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted October 23, 2017**

Before:  McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Joel David Joseph appeals pro se from the district court's order denying his motions to reopen his diversity action alleging state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the

---

    *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Joseph's requests for oral argument, set forth in his opening and reply briefs, are denied.

district court's denial of motions to alter or amend and for reconsideration. *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012) (Fed. R. Civ. P. 60(a)); *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (Fed. R. Civ. P. 60(b)).  We affirm.

The district court did not abuse its discretion by denying Joseph's motion to reopen his case or his motion to reconsider the denial of that motion because Joseph failed to demonstrate any basis for relief.  *See Sch. Dist. No. 1J*, 5 F.3d at 1263 (setting forth grounds for relief from judgment under Rule 60(b)); *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) (setting forth grounds for relief under Rule 60(a)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**